J-S42006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COLTON MATTHEW HARDY, | |
| Appellant | No. 321 MDA 2017 |

Appeal from the PCRA Order January 25, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000696-2009

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2017**

Appellant, Colton Matthew Hardy, appeals from the order entered on January 25, 2017, dismissing as untimely his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's court-appointed counsel has also filed an application to withdraw from representation. Upon review, we grant counsel's application to withdraw and affirm the order dismissing Appellant's PCRA petition.

We briefly summarize the facts and procedural history of this case as follows.  On December 2, 2011, Appellant pled *nolo contendere* to first-degree murder pursuant to a plea agreement wherein the Commonwealth agreed not to seek the death penalty.  The trial court accepted the plea and sentenced Appellant that same day to life in prison without the possibility of parole.  Appellant did not file a direct appeal from

his judgment of sentence. On October 20, 2016, Appellant filed a *pro se* PCRA petition, relying on the January 25, 2016, United States Supreme Court decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). Appellant claimed that **Montgomery** held retroactive a new constitutional right as established by the Supreme Court's prior decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012). Thus, he claimed his PCRA petition was subject to the PCRA's timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(iii). On October 25, 2016, the PCRA court appointed counsel to represent Appellant. The PCRA court held an evidentiary hearing on January 12, 2017. By order and opinion entered on January 25, 2017, the PCRA court dismissed Appellant's PCRA petition. This timely appeal resulted.[1]

On appeal, PCRA counsel determined that there were no "non-frivolous" issues for appellate review, counsel notified Appellant of his intent to withdraw from representation and filed, in this Court, both an application to withdraw as counsel and an accompanying "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012). On

---

[1] Counsel for Appellant filed a notice of appeal on February 23, 2017. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

April 18, 2017, this Court entered an order permitting Appellant "to file a response to counsel's ***Turner***/***Finley*** "no merit" [letter], either *pro se* or via privately retained counsel, within thirty (30) days[.]" Superior Court Order, 4/18/2017 (original emphasis omitted). Appellant has not responded.

Counsel's ***Turner***/***Finley*** no-merit letter presents the following claim for our consideration:

> [Whether Appellant] is entitled to relief pursuant to the United States Supreme Court's decisions in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) (stating that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eight Amendment's prohibition on 'cruel and unusual punishments'") and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016) (holding that ***Miller*** applies retroactively).

Appellant's Brief at 2.[2]

Prior to reviewing the merits of this appeal, we first decide whether counsel has fulfilled the procedural requirements for withdrawing as counsel. ***Doty***, 48 A.3d at 454. As we have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under ***Turner***, ***supra*** and ***Finley***, ***supra*** and must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

---

[2] Counsel has not paginated the ***Turner***/***Finley*** no-merit letter. We have provided page numbers for ease of reference.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> *          *          *
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Id.***

Here, counsel has satisfied all of the above procedural requirements.[3]

Thus, having concluded that counsel's petition to withdraw is ***Turner/Finley*** compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition.

We must determine whether we have jurisdiction to hear the appeal pursuant to the PCRA:

> [T]he timeliness of a PCRA petition is a jurisdictional requisite. Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA now requires a petition, including a second or subsequent petition, to be filed within one year of

_____

[3]  At the conclusion of PCRA counsel's no-merit letter, counsel inaccurately advised Appellant that he could proceed *pro se* or with the assistance of private counsel, "[i]n the event the court grants the application to withdraw." ***Turner/Finley*** No-Merit Letter, 4/17/2017, at 4.  To correct this oversight, we entered the April 18, 2017 order permitting Appellant to respond within 30 days.  Superior Court Order, 4/18/2017 (original emphasis omitted).  To date, however, Appellant has not filed a response.

the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011) (citations and quotations omitted).

Here, the trial court sentenced Appellant on December 2, 2011. Appellant had 30 days to appeal that decision to this Court, but did not. *See* Pa.R.A.P. 903. Thus, his judgment of sentence became final after the expiration of the 30-day appeal period, or on Monday, January 2, 2012. *See* 1 Pa.C.S.A. § 1908 (when the 30th day falls on a Sunday, an appellant has until the following Monday to appeal). Because the current PCRA petition was filed on October 20, 2016, almost five years after his judgment of sentence became final, it is patently untimely under the PCRA.

"Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions." *Williams*, 35 A.3d at 52, *citing* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception [to the one-year timing requirement] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has

- 5 -

no power to address the substantive merits of a petitioner's PCRA claims." **Williams**, 35 A.3d at 53.

Here, Appellant relies upon the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), claiming he has a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). He avers the United States Supreme Court's decision in **Montgomery** held retroactive its prior decision in **Miller** wherein the Supreme Court concluded that mandatory life without parole, for those under the age of 18 at the time of their crimes, constitutes cruel and unusual punishment.

Upon review, we conclude that Appellant has failed to establish an exception to the PCRA's timeliness requirement for two reasons. First, Appellant relies upon **Montgomery**. The United States Supreme Court issued **Montgomery** on January 27, 2016. Appellant's PCRA petition, filed on October 20, 2016, was not within 60 days of the **Montgomery** decision as required under Section 9545(b)(2). Next, as **Montgomery** made clear, "**Miller** held that mandatory life without parole for **juvenile** homicide offenders violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Montgomery**, 136 S.Ct. at 726 (emphasis added). In this case, there is no dispute that Appellant was 19 years old at the time he committed the murder. Because he was not a juvenile, **Miller** is not applicable to him. **See Commonwealth v. Cintora**, 69 A.3d 759 (Pa.

Super. 2013) (holding that **Miller** did not extend to PCRA petitioners who were 21 and 19 years old, respectively, at time they committed murders for which they were convicted and could not serve as the basis for filing a late PCRA petition); **see also Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) ("[P]etitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."). Accordingly, for all of the foregoing reasons, Appellant's PCRA petition is untimely, not subject to exception, and we are without jurisdiction to address the merits of Appellant's claim. Hence, we affirm the PCRA court's order denying relief.

Order affirmed. Counsel's application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2017